UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID K. BROADBENT, as court-appointed Receiver for Zurixx, LLC and related entities,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SHEMIN WORLDWIDE LLC, a Florida limited liability company; and ROBERT DALE SHEMIN, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR ALTERNATIVE SERVICE, OR IN THE ALTERNATIVE, MOTION TO EXTEND TIME TO SERVE (DOC. NO. 9)**<br><br>Case No. 2:20-cv-00763-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff's Ex Parte Motion for Alternative Service Or, in the Alternative, Motion to Extend Time to Serve ("Mot.," Doc. No. 9). As set forth in the motion and supporting declaration and exhibits, Plaintiff has served the entity defendant in this action, Robert Shemin Worldwide LLC, but has been unable to serve the individual defendant, Robert Dale Shemin, despite multiple attempts. (Mot. 2, Doc. No. 9; Ex. 2 to Mot., Return of Service, Doc. No. 9-2.) Plaintiff's process server made multiple attempts to personally serve Mr. Shemin at two Florida addresses but was unsuccessful. (Mot. 2. Doc. No. 9; Ex. 3 to Mot., Aff. of Non-Service, Doc. No. 9-3.) Between these attempts, Mr. Shemin left a voicemail for Plaintiff's attorney indicating that he had received a copy of the Complaint and Summons. (Mot. 2, Doc. No. 9; Decl. of Doyle S. Byers in Support of Mot. ("Byers Decl.") ¶ 4, Doc. No. 9-1.) Mr. Shemin later spoke with Plaintiff's attorney by telephone and confirmed he had reviewed the Complaint, but he refused to accept service. (Mot. 3, Doc. No. 9; Byers Decl. ¶¶ 5–6, 8, Doc. No. 9-1.) Mr. Shemin also stated one of the Florida addresses where the process server

1

attempted service was a valid address but would not clarify which address.  (Mot. 3, Doc. No. 9; Byers Decl. ¶ 7, Doc. No. 9-1.)  Mr. Shemin indicated he was out of the country but could receive mail at the address where service was attempted.  (Mot. 3, Doc. No. 9; Byers Decl. ¶ 9, Doc. No. 9-1.)

In his motion, Plaintiff requests leave to serve Mr. Shemin by three methods: (1) by mail to the address where the entity defendant was served and to the two addresses where service was attempted for Mr. Shemin; (2) by email to Mr. Shemin's personal email addresses, to his business email addresses provided on the entity defendant's website, and to an email address listed on his Facebook page; and (3) by messaging Mr. Shemin's Facebook page.  (Mot. 4, Doc. No. 9.)  In the alternative, Plaintiff requests an extension of time to serve Mr. Shemin.  (*Id.* at 5–6.)

Federal Rule of Civil Procedure 4(e) provides that service may be completed on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In this case, Plaintiff filed his complaint in the District of Utah.  Therefore, Utah law applies.

Utah Rule of Civil Procedure 4(d)(5)(A) provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."  Utah R. Civ. P. 4(d)(5)(A).  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."  *Id.*  Additionally, Rule 4(d)(5)(B) provides:

2

>If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

Plaintiffs have met their burden to make reasonably diligent efforts to locate and serve Mr. Shemin by making multiple attempts to serve him at two addresses. There is also good cause to believe Mr. Shemin is avoiding service because he refused to accept service or to disclose which address was the correct address in his conversation with Plaintiff's attorney, despite acknowledging actual receipt of the Complaint and Summons. Moreover, the alternative service methods proposed by Plaintiff are reasonably calculated under the circumstances to apprise Mr. Shemin of this action.

For these reasons, the court GRANTS the motion and ORDERS that Defendant Robert Dale Shemin may be served as follows:

(1) By mailing via U.S. certified mail the summons, the complaint, and a copy of this order to Mr. Shemin at the following addresses:

300 South Ponte Drive, Unit 1403
Miami Beach, Florida 33139

7900 SW 57 Ave, Suite 12
Miami, Florida 33143

1400 NW 107th Avenue, Suite 203
Sweetwater, Florida 33172

(2) Be sending the summons, the complaint, and a copy of this order to Mr. Shemin at the following email addresses three times per week for two consecutive weeks, not more

3

often than once every other day (unless a written response is received from Mr. Shemin acknowledging receipt of service):

rshemin@aol.com
rshemin@fuse.net
rshemin@hotmail.com
info@robertshemin.com
robert@robertshemin.com

(3) By messaging the summons, the complaint, and a copy of this order to Mr. Shemin's personal Facebook page.

(4) Upon completion of these steps, Plaintiff shall file proof of compliance with the court's order.

(5) The deadline to complete service is extended to **February 26, 2021**.

DATED this 27th day of January, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

4